IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FRANK DEPINTO,

    Plaintiff,

v.                                     Case No. 5:18-cv-153-MCR-GRJ

CORPORAL JORDAN HOFFMAN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. §1983. ECF No. 1. This case is now before the Court on ECF No. 5, Plaintiff's response to the Court's order to show cause as to why this case should not be dismissed as duplicative of a pending state-court case filed by Plaintiff. *See* ECF No. 4. For the following reasons, the undersigned recommends that this case be dismissed as duplicative.

The Complaint stems from a February 27, 2018, incident at the Bay County Public Library. Plaintiff contends that he went to the library to use a computer to check his email. He alleges that he was wrongfully forced to leave the library by Defendant Corporal Jordan Hoffman on the basis of a "false" trespass order. Plaintiff alleges that his wrongful removal from the library violated his constitutional rights and amounted to defamation. Plaintiff seeks monetary damages. ECF No. 1.

Plaintiff concedes in the Complaint that prior to initiating this case he filed a civil case against the same Defendant in Bay County Circuit Court for monetary damages as a result of the same incident. That case is currently pending. *See* ECF No. 1 at 4, 10 (first page of state court civil complaint). Although it appears that Plaintiff is asserting state-law claims in that case, including a defamation claim, the state court also has jurisdiction over Plaintiff's constitutional claims under §1983. *Maine v. Thiboutot*, 448 U.S. 1, 3 n.1 (1980) (state courts have concurrent jurisdiction with federal courts over §1983 claims).

In response to the show-cause order, Plaintiff contends that he is entitled to pursue claims against the same Defendant arising from the same incident in both state and federal court because state law and federal constitutional law are different. Plaintiff asserts that he "wants to maximize the defendant's culpability in regard to the harm the defendant has caused to the Plaintiff." ECF No. 5.

Plaintiff's argument is unpersuasive. While jurisdiction over Plaintiff's constitutional claims is concurrent in the state and federal courts, Plaintiff is not entitled to bring civil suits for damages arising from the same incident against the same Defendant in two different courts. Such tactics are unfair to the Defendant, unnecessarily burden the courts, and can lead to contradictory results. Because Plaintiff has already filed a suit in state

court and may raise his federal constitutional claims there, this case should be dismissed as duplicative.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED**.

**IN CHAMBERS** this 7th day of September 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.